IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARCUS DeANGELO JONES a/k/a
MARCUS DeANGELO LEE,

  Petitioner,

vs.           No. 10-2570-STA-dkv

JUAN CASTILLO,

  Respondent.

---

ORDER CORRECTING THE DOCKET
ORDER GRANTING MOTIONS FOR LEAVE TO AMEND
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On August 4, 2010, Petitioner Marcus DeAngelo Jones a/k/a Marcus DeAngelo Lee,[1] Bureau of Prisons ("BOP") register number 12520-045, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a pro se petition pursuant to 28 U.S.C. § 2241, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court granted leave to proceed in forma pauperis on August 13, 2010. (ECF No. 3.)

---

[1] Petitioner has used the names "Marcus DeAngelo Jones" and "Marcus DeAngelo Lee," and the indictment in his criminal case states that his real name is "Marcus DeAngelo Lee." Petitioner has filed a case in this district under the name "Marcus DeAngelo Lee." Lee a/k/a Jones v. Garrett, No. 08-2302-STA-dkv (W.D. Tenn.). The Clerk is directed to correct the docket to include Petitioner's alias.

On September 8, 2010, Petitioner filed a memorandum in support of his petition. (ECF No. 4.) The Clerk shall record the respondent as FCI Memphis Warden Juan Castillo.

On January 11, 2011, Petitioner filed a Motion for Leave and [sic] to Amend and Supplement (ECF No. 5), which constitutes an amendment to his petition.[2] On April 25, 2011, Petitioner filed a Motion for Leave and Motion to Supplement and Amend 28 U.S.C. § 2241 Application and Motion. (ECF No. 6.) On July 8, 2011, Petitioner filed a third Motion to Amend and Supplement Authotiries [sic] and Argument. (ECF No. 7.) For good cause shown, Petitioner's motions to amend and supplement his § 2241 petition are GRANTED. The Court will consider the matters set forth in these filings.

Petitioner is serving federal sentences resulting from convictions in two cases from the Western District of Missouri. This petition concerns one of those two cases.[3] On April 26, 2000, Jones was convicted after a jury trial in the Western District of Missouri of four counts of distributing, and possession with the intent to distribute, cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of conspiring to distribute cocaine base in

---

[2]     This filing is not signed by Jones, as required by Fed. R. Civ. P. 11(a). In the interest of expediting this matter, the Court will overlook this defect in this instance only. Jones is reminded that all documents submitted for filing must be personally signed by him.

[3]     In the other case, United States v. Jones a/k/a Lee, No. 00-CR-04010-C-SOW (W.D. Mo.), Jones is serving a sentence of imprisonment of 327 months for various firearms offenses. Jones previously filed a § 2241 petition in this district challenging that conviction. That petition was denied, Jones a/k/a Lee v. Castillo, No. 09-2066-STA (W.D. Tenn.), and Petitioner's appeal is pending before the Sixth Circuit Court of Appeals as case number 10-5376.

2

violation of 21 U.S.C. § 846. On July 25, 2000, United States District Judge Scottie O. Wright sentenced Jones to an effective term of imprisonment of three hundred twenty-seven (327) months. United States v. Jones a/k/a Lee, No. 2:99-cr-04041-SOW-1 (W.D. Mo.). The Eighth Circuit Court of Appeals affirmed Jones' conviction. United States v. Jones, 275 F.3d 673 (8th Cir. 2001).

Jones has filed numerous collateral challenges to his convictions and sentence. On June 16, 2002, Jones filed a motion pursuant to 28 U.S.C. § 2255 in the Western District of Missouri in which he raised the following issues:

1.    Whether his conviction was based on a defective indictment;

2.    Whether his conviction was based on the prosecution's failure to disclose favorable evidence;

3.    Whether his conviction was obtained by judicial errors of constitutional magnitude;

4.    Whether his attorney rendered ineffective assistance of counsel, in violation of the Sixth Amendment;

5.    Whether the trial court constructively amended the indictment; and

6.    Whether the trial court erred in not appointing new appellate counsel to file the direct appeal.

(Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody, Jones v. United States, No. 2:02-cv-04123-SOW (W.D. Mo.), ECF No. 1; Mem. of Law in Supp. of Title 28 U.S.C. § 2255 Mot., id., ECF No. 2.) On June 27, 2002,

Jones filed an amendment to his § 2255 motion that asserted that his attorney was ineffective for failing to request funds to hire a drug specialist and failing adequately to cross examine the Government's expert witness. (Am. Mem. in Supp. of Title 28 U.S.C. § 2255 Mot. Pursuant to Civ. R. 15, _id._, ECF No. 4-1.) The Government filed its response to the motion on August 22, 2002 (Govt's Resp. to Petr's Mot. Under 28 USC § 2255, _id._, ECF No. 10), and Jones filed a reply on September 9, 2002 (Traverse to the Resonce [sic] to an Order to Show Cause, _id._, ECF No. 13). On October 10, 2002, Judge Wright denied Jones' § 2255 motion. (Order, _id._, ECF No. 17.) On February 3, 2003, Judge Wright denied a certificate of appealability. (Order, _id._, ECF No. 22.) That order was reaffirmed on March 10, 2003. (Order, _id._, ECF No. 25.) On July 24, 2003, the Eighth Circuit denied a certificate of appealability on the appeal from the dismissal order and judgment. _Jones v. United States_, No. 03-1756 (8th Cir.).

On August 8, 2003, Judge Wright denied Jones' motion for reconsideration of the order denying his § 2255 motion. (Order, _Jones v. United States_, No. 2:02-cv-04123-SOW (W.D. Mo.), ECF No. 38.) On December 8, 2003, Judge Wright denied a certificate of appealability. (Order, _id._, ECF No. 48.) The Eighth Circuit denied a certificate of appealability and leave to file a second or successive § 2255 motion on March 24, 2004. _Jones v. United States_, No. 04-1002 (8th Cir.).

On November 22, 2004, Jones filed an application with the Eighth Circuit seeking leave to file a successive § 2255 motion. Jones filed a second application on February 2, 2005. On July 6, 2005, the Eighth Circuit denied the applications. In re Jones, No. 04-3837 (8th Cir.).[4]

On June 6, 2005, Jones filed a pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) because of Amendment 591 to the Sentencing Guidelines. (Mot. for Modification and Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), United States v. Jones a/k/a Lee, No. 2:99-cr-04041-SOW-1 (W.D. Mo.), ECF No. 105.) The Government responded to the motion on September 14, 2005. (Govt's Resp. to Deft's Mot. for Modification and Reduction of Sentence, id., ECF No. 113.) On October 3, 2005, Judge Wright denied the motion. (Order, id., ECF No. 115.)[5] Jones appealed (Notice of Appeal, id., ECF No. 118), and, on December 23, 2005, the Eighth Circuit summarily affirmed, United States v. Jones, No. 05-3826 (8th Cir.), cert. denied, 547 U.S. 1171, 126 S. Ct. 2338, 164 L. Ed. 2d 853 (2006).

---

[4]     On July 16, 2004, Jones filed an application for leave to file a second or successive § 2255 motion, but it is not clear from the docket which of his two criminal cases was involved. That application was denied on November 15, 2004. In re Jones, No. 04-2736 8th Cir.).

[5]     In the meantime, Jones filed an appeal of an order rescinding an order appointing counsel, which was supposed to have been entered in his other criminal case. (Notice of Appeal, id., ECF No. 111.) The Eighth Circuit summarily affirmed in an order issued on October 1, 2005. (United States v. Jones, No. 05-3531 (8th Cir.).)

On July 11, 2005, Jones filed a motion to amend or supplement his original § 2255 motion. (Petr's Mot. for Leave to Amend and/or Supp. the 28 U.S.C. §2255 Mot. in Relation Back Amendments Pursuant to Fed. R. of Civ. P. Rule 15(a);(c); and (d), <u>Jones v. United States</u>, No. 2:02-cv-04123-SOW (W.D. Mo.), ECF No. 53.) The Government responded to the motion on August 25, 2005 (Govt's Resp. in Opp'n to Petr's Mot. for Leave to Amend the 28 U.S.C. § 2255 Mot. Pursuant to Fed. R. of Civ. P. 15, <u>id.</u>, ECF No. 59), and Jones filed a reply on September 19, 2005 (Petr's Reply in Supp. for Leave to Amend and Supp. in Relation Back to the 28 U.S.C. §2255 Mot. Pursuant to Fed. R. of Civ. P. 15, <u>id.</u>, ECF No. 61). Judge Wright denied the motion to amend or supplement on October 3, 2005. (Order, <u>id.</u>, ECF No. 62.) On October 26, 2005, Judge Wright denied a certificate of appealabilty. (Order, <u>id.</u>, ECF No. 64.) Jones appealed and, on March 14, 2006, the Eighth Circuit denied a certificate of appealablility and denied leave to file a successive § 2255 motion. <u>Jones v. United States</u>, No. 05-3992 (8th Cir.), <u>reh'g denied</u> (Dec. 21, 2006), <u>reh'g en banc denied</u> (Dec. 28, 2006).

On May 2, 2006, Jones filed a motion for relief from judgment in his § 2255 case. (Mot. for Relief of J. or Order Pursuant to Fed.R.Civ.P. 60(b), <u>Jones v. United States</u>, No. 2:02-cv-04123-SOW (W.D. Mo.), ECF No. 68.) The Government filed a response on May 31, 2006 (Govt's Mot. to Dismiss, <u>id.</u>, ECF No. 71),

and Jones filed a reply on June 29, 2006 (Petr's Reply Suggestion in Supp. of Rule 60(b) Mot., id., ECF No. 74). Judge Wright denied the Rule 60(b) motion on June 29, 2006. (Order, id., ECF No. 75.) On July 14, 2006, Judge Wright denied Jones' application for a certificate of appealability. (Order, id., ECF No. 77.) Jones appealed, and the Eighth Circuit denied a certificate of appealability. Jones v. United States, No. 06-3117 (8th Cir. Nov. 7, 2006), reh'g denied (Dec. 20, 2006).

On May 14, 2007, Jones filed a motion in his criminal case seeking the correction of purported errors in the presentence report. (Mot. to Correct Clerical Errors in the Records Pursuant to Fed.R.Crim.P. Rule 36, United States v. Jones a/k/a Lee, No. 2:99-cr-04041-SOW-1 (W.D. Mo.), ECF No. 128.) The Government responded on May 30, 2007 (Govt's Resp. in Opp'n to Petr's Mot. to Correct Clerical Errors in the Records Pursuant to Fed. R. Crim. P. Rule 36, id., ECF No. 129), and Jones filed a reply on June 15, 2007 (Reply Suggestion in Support of Mot. to Correct Clerical Errors, id., ECF No. 130). Judge Wright denied the motion on September 7, 2007. (Order, id., ECF No. 131.) The Eighth Circuit affirmed. United States v. Jones, 308 F. App'x 23 (8th Cir. Jan. 8, 2009) (per curiam), reh'g en banc denied (8th Cir. Feb. 13, 2009), cert. denied, ___ U.S. ___, 129 S. Ct. 2171, 173 L. Ed. 2d 1166 (2009).

On August 3, 2007, Jones filed a Petition for the Issuance of a Alternative Writ Pursuant to 28 U.S.C. § 1651(b), or

the Determination of Whether Authorization is Needed to File a Second 28 U.S.C. § 2255 Motion in the Eighth Circuit Court of Appeals. The Eighth Circuit summarily denied relief on August 7, 2007. Jones v. United States, No. 07-2802 (8th Cir.).

On March 17, 2008, Jones filed a motion pursuant to 18 U.S.C. § 3582(c) in his criminal case for a reduction in his sentence pursuant to the crack cocaine amendments to the sentencing guidelines. (Mot. for a Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c), United States v. Jones a/k/a Lee, No. 2:99-cr-04041-SOW-1 (W.D. Mo.), ECF No. 136.) On April 16, 2009, United States District Judge Ortie D. Smith denied relief because Jones had been sentenced as a career offender. (Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), id., ECF No. 148.) Jones, through appointed counsel, filed a motion for reconsideration on May 11, 2009 (Mot. to Reconsider Order, id., ECF No. 149), and the Government filed a response on May 22, 2009 (Govt's Resp. in Opp'n to Def.'s Mot. to Reconsider the Court's Order, id., ECF No. 151). Judge Smith denied the motion for reconsideration on June 1, 2009. (Order Denying Def.'s Mot. for Recons. and Lifting Stay, id., ECF No. 152.) Jones filed a pro se supplemental motion for reconsideration on June 2, 2009 (Pro Se Pet. for Leave and to Amend and/or Supp. Pet. for Recons. Filed by Counsel for Pet'r, id., ECF No. 153), which Judge Smith denied on June 5, 2009 (Order (1) Granting Motion to Withdraw

8

and (2) Denying Def.'s Supp'l Mot. for Recons., <u>id.</u>, ECF No. 155.) Jones appealed, and the Eighth Circuit summarily affirmed. <u>United States v. Jones</u>, No. 09-2418 (8th Cir. June 26, 2009).

On November 18, 2008, Jones filed a motion for relief from judgment in his § 2255 case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Mot. for Relief, <u>Jones v. United States</u>, No. 2:02-cv-04123-SOW (W.D. Mo.), ECF No. 85.) The Government filed its response on January 14, 2009 (Govt's Mot. to Dismiss, <u>id.</u>, ECF No. 88), and Jones filed a reply on January 30, 2009 (Suggestions in Supp. of Mot. for Relief, <u>id.</u>, ECF No. 89). On February 3, 2009, Judge Wright denied the motion with prejudice, stating that "[t]he issues raised by petitioner in the instant motion have been considered and ruled upon numerous times over the better part of 4 years. The current motion alleges the <u>same exact</u> grounds for relief under Rule 60(b)(6), which this Court and the Eighth Circuit have denied on at least four separate occasions." (Order at 1, <u>id.</u>, ECF No. 90). On February 12, 2009, Judge Wright denied a certificate of appealability. (Order, <u>id.</u>, ECF No. 92.) On April 2, 2009, the Eighth Circuit denied a certificate of appealability. <u>Jones v. United States</u>, No. 09-1547 (8th Cir. Apr. 2, 2009), <u>reh'g en banc denied</u> (May 19, 2009).

On July 9, 2009, Jones filed his first petition pursuant to 28 U.S.C. § 2241 on this conviction in this district, in which he asserted that he is actually innocent of his sentence because it

was enhanced by a defective prior state conviction under <u>Gideon v.</u> <u>Wainwright</u>, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), that he is being denied adequate medical treatment by the BOP, and that he is being denied the right to a religious "no flesh kosher food diet" by the BOP. (Pet. for Writ of Habeas Corpus Under 28 § 2241 at 3-5, <u>Jones a/k/a Lee v. Castillo</u>, No. 09-2455-STA-tmp (W.D. Tenn.), ECF No. 1.) On September 29, 2009, the Court denied the petition and certified that an appeal would not be taken in good faith. (Order Granting Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>, Den. Pet. Pursuant to 28 U.S.C. § 2241, Certifying Appeal Not Taken in Good Faith and Not. of Appellate Filing Fee, <u>id.</u>, ECF No. 3.) On December 1, 2009, the Court denied Petitioner's motion for reconsideration and reiterated that an appeal would not be taken in good faith. (Order Denying Mot. for Recons. and Reiterating Certification Appeal Not Taken in Good Faith, <u>id.</u>, ECF No. 6.) Jones did not appeal.

On January 20, 2010, Jones filed a motion in his criminal case to modify the term of his supervised release. (Mot. for the Modification of Term of Supervised Release Pursuant to Title 18 U.S.C. 3582(c)(1)(B), <u>United States v. Jones a/k/a Lee</u>, No. 2:99-cr-04041-SOW-1 (W.D. Mo.), ECF No. 163.) The Government filed a response on January 29, 2010 (Govt's Resp. in Opp'n to Def.'s Mot. for the Modification of Term of Supervised Release Pursuant to 18 U.S.C. § 3582(c)(1)(B), <u>United States v. Jones a/k/a Lee</u>, No. 2:99-

10

cr-04041-SOW-1 (W.D. Mo.), ECF No. 164), and Judge Wright denied the motion on February 4, 2010 (Order, <u>id.</u>, ECF No. 165). The Eighth Circuit affirmed. <u>Jones v. United States</u>, No. 10-1389 (8th Cir. June 2, 2010).

Jones filed another motion to modify the conditions of his supervised release on July 30, 2010 (Mot. for Modification of Term of Supervised Released [sic] Pursuant to Title 18 U.S.C. 3583(e), <u>United States v. Jones a/k/a Lee</u>, No. 2:99-cr-04041-SOW-1 (W.D. Mo.), ECF No. 173.) The Government filed a response on August 26, 2010 (Govt's Resp. in Opp'n to Def.'s Mot. for Modification of Term of Supervised Release Pursuant to 18 U.S.C. § 3583(e), <u>id.</u>, ECF No. 176), and Jones filed a reply on September 9, 2010 (Reply Suggestion in Supp. of Mot. for Modification of Term of Supervised Release, <u>id.</u>, ECF No. 177). Judge Wright denied the motion on November 5, 2010. (Order, <u>id.</u>, ECF No. 181.) Jones appealed, and the Eighth Circuit summarily affirmed. <u>Jones v. United States</u>, No. 10-3657 (8th Cir. Jan. 13, 2011).

On January 24, 2011, Jones filed a petition for a writ of <u>audita querela</u> in his criminal case in which he sought a new sentencing hearing. (Pet. for Writ of Audita Querela, <u>United States v. Jones a/k/a Lee</u>, No. 2:99-cr-04041-SOW-1 (W.D. Mo.), ECF No. 191.) The Government filed a response on March 3, 2011 (Govt's Response in Opp'n to Def.'s <u>Pro</u> <u>Se</u> Pet., <u>id.</u>, ECF No. 195), and Jones filed a reply on March 22, 2011 (Traverse Resp. and

Suggestions in Supp. of Pet. for Writ of Audita Querela Relief, id., ECF No. 196). Judge Wright denied the petition on June 1, 2011. (Order, id., ECF No. 197.) Jones' appeal is pending in the Eighth Circuit as case number 11-2317.

In his original § 2241 petition, the second challenging these convictions, Jones raises the following issues:

1.   The Government misled the Court during the § 2255 case to obtain a dismissal for lack of proof, and his conviction was obtained in violation of his Fifth and Sixth Amendment rights to due process, a fair trial, the right to the effective assistance of counsel, compulsion, and discovery;

2.   His sentence as a career criminal is invalid in light of intervening, retroactive decisions by the United States Supreme Court;[6]

3.   His sentence is in excess of the statutory maximum for the offense of conviction and in violation of the Constitution and laws of the United States in light of intervening Supreme Court decisions; and

4.   The limitation of successive § 2255 motions violates the Suspension Clause.

(ECF No. 1 at 3-5.) In his January 11, 2011 filing, Jones provided additional support for his second issue. (ECF No. 5.) In his April 25, 2011 filing, Jones clarified his presentation of the second issue. (ECF No. 6 at 2-5.)

---

[6]   The title of this issue, as presented, refers to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but the text of Petitioner's various findings indicate that he was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines rather than under the ACCA.

12

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). In this case, Petitioner is attacking the imposition of his sentence and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Petitioner carries the burden of demonstrating that the savings clause applies. Id. at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already

been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." Id. (citations omitted). After its decision in <u>Charles</u>, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in <u>Charles</u>, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

<u>United States v. Peterman</u>, 249 F.3d 458, 461 (6th Cir. 2001) (quoting <u>Charles</u>, 180 F.3d at 758) (additional citation omitted).

The § 2255 remedy might be inadequate or ineffective when the Supreme Court announces a new statutory interpretation. Even in that circumstance, a prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. <u>Martin v. Perez</u>, 319 F.3d 799, 804-05 (6th Cir. 2003); <u>Charles</u>, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); <u>see also</u> <u>Peterman</u>, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not

14

shown an intervening change in the law that establishes their actual innocence."). "Actual innocence means factual innocence." Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998)).

The Court of Appeals has not permitted prisoners to use the savings clause to attack their sentences. See Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin."); Peterman, 249 F.3d at 461-62 (challenges that a sentence is not supported by adequate factual findings do not fall within the "savings clause"); see also Kellogg v. Snyder, 48 F. App'x 114, 115-16 (6th Cir. 2002) (rejecting challenge to sentence as a career offender under § 2241 because prisoner did not show that § 2255 remedy was inadequate or ineffective).

In his first issue, Jones argues that the Government misled the court during his § 2255 case to obtain a dismissal for lack of proof and that his conviction was obtained by the suppression and destruction of evidence in violation of his Fifth and Sixth Amendment rights to due process, a fair trial, the effective assistance of counsel, compulsory process, and discovery. (ECF No. 1 at 3, 7-16; ECF No. 4 at 1.) Notably, however, on direct appeal, in his § 2255 case, and in numerous other filings in the

15

Western District of Missouri, Jones had an ample opportunity to litigate these issues. This challenge to Jones' conviction is not cognizable in a § 2255 motion, particularly where, as here, Jones has not established that he is actually innocent of the underlying offenses of which he was convicted.[7] This issue is without merit and is DISMISSED.

In his second issue, as amended, Jones contends that he is entitled to relief on the basis of the Supreme Court's decisions in Begay v. United States, 553 U.S. 137, 144-45, 128 S. Ct. 1581, 1586, 170 L. Ed. 2d 490 (2008), Chambers v. United States, 555 U.S. 122, 129 S. Ct. 687, 172 L. Ed. 2d 484 (2009), and Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), all of which address the meaning of the term "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) & (2)(B). Jones contends that he was sentenced as a career offender on the basis of at least five prior convictions under 28 U.S.C. § 994(h),[8] which concerns the duties of the sentencing commission.

Even if it were assumed that these Supreme Court decisions would have some bearing on the sentence to be imposed

_____

[7]     Jones was convicted after a jury trial. In affirming Jones' conviction on direct appeal, the Eighth Circuit Court of Appeals held that the evidence was sufficient to support his conviction for conspiring to distribute cocaine base. United States v. Jones, 275 F.3d at 681-82.

[8]     Jones cites to 18 U.S.C. § 994(h), but no such provision exists. He presumably means 28 U.S.C. § 994, which concerns the duties of the sentencing commission. Jones was sentenced under § 4B1.1 of the United States Sentencing Guidelines.

were Jones to be sentenced today—which the record is insufficient to establish—Jones is not entitled to relief under § 2241 for several reasons. First, this issue goes to the imposition of his sentence rather than its execution, making it inappropriate for a § 2241 petition. Second, for the reasons previously stated, see supra p. 15, Jones' challenge to his sentence cannot form the basis for a claim of actual innocence.[9] Jones has not been convicted of a nonexistent offense, and he is not actually innocent. As the Eleventh Circuit Court of Appeals recently explained:

> [Defendant] was not charged with, nor was he convicted of, being a career offender. A defendant who is convicted and who then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt. [Defendant's] position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument.

---

[9]     Most of the courts that have considered the issue have held that challenges to a sentence as a career offender or an armed career criminal cannot be brought under § 2241. See, e.g., United States v. Gilbert, No. 09-12513, 2011 WL 1885674 (11th Cir. May 19, 2011) (per curiam) (to be published in the Federal Reporter); Moss v. United States, C/A No. 0:10-2482-HMH-PJG, 2011 WL 1770787 (D.S.C. Apr. 18, 2011); McElhaney v. United States, No. 1:93-cr-146/1:99-cv-226, 2011 WL 723379, at *1-2 (E.D. Tenn. Feb. 23, 2011); Dyer v. Holland, Civil Action No. 10-122-HRW, 2011 WL 165391, at *2 (E.D. Ky. Jan. 19, 2011); Brown v. Fisher, Civil No. 10-3230 (PAM/JJK), 2011 WL 165849 (D. Minn. Jan. 19, 2011); Vaughn v. Rios, No. 11-cv-1001, 2011 WL 134057 (C.D. Ill. Jan. 14, 2011); Singletary v. Warden, FCI-Edgefield, C/A No. 0:10-0029-CMC-PJG, 2011 WL 322333, at *2-3 (D.S.C. Jan. 13, 2011) (report and recommendation), adopted, 2011 WL 317783 (D.S.C. Jan. 31, 2011); Pryce v. Scism, Civil No. 1:10-CV-1680, 2011 WL 41883, at *2-4 (M.D. Pa. Jan. 6, 2011); Brown v. Pearson, Civil Action No. 5:08cv285-DCB-MTP, 2010 WL 6004382 (S.D. Miss. July 15, 2010) (report and recommendation), adopted, 2011 WL 84121 (S.D. Miss. Mar. 8, 2011); Rith v. Rios, No. 1:10-CV-01035 GSA HC, 2010 WL 2546052, at *2-*4 (E.D. Cal. June 23, 2010) (report and recommendation); Collins v. Ledezma, 724 F. Supp. 2d 1173, 1179-80 (W.D. Okla. 2010) (collecting cases), aff'd, 400 F. App'x 375 (10th Cir. 2010). But see Gallimore v. Stansberry, No. 1:10cv138(AJT/IDD), 2011 WL 797320 (E.D. Va. Mar. 1, 2011).

<u>Gilbert v. United States</u>, No. 09-12513, 2011 WL 1885674, at *25 (11th Cir. May 19, 2011) (per curiam) (to be published in the Federal Reporter). The second issue is without merit and is DISMISSED.

In his third issue, Jones argues that the sentence imposed was in excess of the maximum authorized for the offense of conviction and contrary to <u>United States v. Marcus</u>, ___ U.S. ___, 130 S. Ct. 2159, 176 L. Ed. 2d 1012 (2010), and <u>Puckett v. United States</u>, ___ U.S. ___, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009). (ECF No. 4 at 1.)[10]  In <u>Puckett</u>, ___ U.S. ___, 129 S. Ct. at 1428, the Supreme Court held that a procedurally forfeited error, that the Government breached a plea agreement by filing to recommend a three-point reduction for acceptance of responsibility, was subject to "plain error" review on direct appeal. In so holding, the Supreme Court rejected the defendant's arguments for a less-demanding standard of review. <u>Id.</u> at ___, 129 S. Ct. at 1429-33. In <u>Marcus</u>, ___ U.S. at ___, 130 S. Ct. at 2163, the Supreme Court, applying <u>Puckett</u>, held that Rule 52(b) of the Federal Rules of Criminal Procedure did not authorize an appellate court to recognize a "plain error" if there is any possibility, however remote, that a jury convicted a defendant exclusively on the basis of actions taken before enactment of the statute that made those

---

[10]    Petitioner's claim that his sentence is in excess of the statutory maximum is not accurate. Jones was convicted of distributing in excess of 50 grams of cocaine base. <u>United States v. Jones</u>, 275 F.3d at 678. Under the law at the time, the maximum sentence was life. 21 U.S.C. § 841(b)(1)(A)(iii) (2000).

18

actions criminal. Thus, <u>Puckett</u> and <u>Marcus</u> restricted the ability of appellate courts to grant relief on issues that were not raised at trial.

It is unclear from Petitioner's brief how <u>Marcus</u> and <u>Puckett</u> are applicable to Jones. (<u>See</u> ECF No. 4 at 8-11.) Jones notes that he was sentenced after the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and he contends he is entitled to relief on the basis of various <u>Apprendi</u> errors. (ECF No. 4 at 9-11.) Those issues go to the imposition of Petitioner's sentence and are not cognizable in a § 2255 proceeding. For the reasons previously stated, a prisoner cannot be "actually innocent" of a sentencing enhancement. The third issue is without merit and is DISMISSED.

In his fourth issue, Petitioner argues that the limitations on second or successive § 2255 motions violates the Suspension Clause, U.S. Const., art. II, § 9, cl. 2. (ECF No. 1 at 12-14.)[11] In <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court held that the restrictions on successive habeas petitions by state prisoners did not violate the Suspension Clause:

> The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of

---

[11]    This Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b). The Act also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners. But we have long recognized that "the power to award the writ by any of the courts of the United States, must be given by written law," Ex parte Bollman, 4 Cranch 75, 94, 2 L. Ed. 554 (1807), and we have likewise recognized that judgments about the proper scope of the writ are "normally for Congress to make." Lonchar v. Thomas, 517 U.S. 314, 323, 116 S. Ct. 1293, 1298, 134 L. Ed. 2d 440 (1996).

The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." In McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991), we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." Id., at 489, 111 S. Ct., at 1467. The added restrictions which the Act places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a "suspension" of the writ contrary to Article I, § 9.

Id. at 664, 116 S. Ct. at 2340. Thus, for example, the one-year

statute of limitations for relief under 28 U.S.C. §§ 2254 and 2255

does not violate the Suspension Clause. Hill v. Dailey, 557 F.3d

437, 438 (6th Cir. 2009) (collecting cases). The limitations on

successive petitions and motions under §§ 2254 and 2255 also does

not violate the Suspension Clause. Scruggs v. Snyder, 41 F. App'x

829, 830 (6th Cir. 2002); Clark v. Brooks, No. 99-3080, 2000 WL

1290349, at *1 (6th Cir. Sept. 7, 2000) (citing Felker for the

proposition that "the Supreme Court has already rejected the

argument that AEDPA's restrictions on successive habeas petitions

20

violate the Suspension Clause") (emphasis omitted). The fourth issue is without merit and is DISMISSED.

Because Jones is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DISMISSED. Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F.3d 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); see also Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952

(6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[12]

IT IS SO ORDERED this 15th day of July, 2011.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[12]   If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.